Woodruff *v.* Ritter.

---

WOODRUFF and others *vs.* RITTER and others.

1. The title to property sought to be subjected by a creditor's bill to his debt, *held* to have been in the husband, and not in the wife, at the time he contracted the debt.

2. An injunction will not be dissolved upon an answer only partial and equivocal. It was modified, in this case, to permit the debtor to make a conveyance of the property, in pursuance of an existing contract.

On bill and answers.    Motion to dissolve injunction.

*Mr. S. D. Haines,* for defendants, Ritter and wife.

*Mr. E. S. Atwater,* for complainants.

THE CHANCELLOR.

This is a creditors' bill.    The facts appear to be that the defendant, J. Augustus Ritter, was, in 1872, the owner in fee, by conveyance from his father, of a lot of land on the corner of Washington and Jefferson streets, in Elizabeth. While he was such owner, and still held the legal title to the property, he contracted to build a dwelling-house upon it. He made all the contracts for building the house, in his own name.    The building was begun, as the bill alleges, in October, 1872, and finished in the following spring.    On the 15th of November, 1872, he mortgaged the property for $4500, to the administrator of his deceased father, to raise the money to pay for the building.    After giving the mortgage he executed a voluntary conveyance of the land to his attorney, in order that the latter might convey it, without consideration, to Ritter's wife.    The attorney conveyed the property, accordingly, to her on the same day.    These deeds were not recorded until September 8th, 1873, and until that time they remained in Ritter's possession.    It will be perceived that Ritter was the ostensible owner of the property until the last mentioned date.    Prior to that time all the complainants' indebtedness was incurred by the firm of Ritter and Robinson, of which Ritter was a member.    For aught that appears in the answer of Ritter and his wife, all taxes and assessments and expenses, of whatever kind, upon the property since Ritter became the owner of it, have been paid by him.    The bill alleges that Ritter has fraudulently spent large sums in paying taxes, charges, assessments, mortgages

and other encumbrances on the property. The answer of Ritter and wife denies that he has fraudulently spent large sums of money, or any money fraudulently, for these purposes. It does not deny that he has made those expenditures, however. The conveyance to the wife is admitted to have been wholly voluntary. She has never paid anything whatever, as far as appears by the answer of herself and her husband, on the property. It does not appear that she had any property, or has any, except this. Ritter mortgaged the property before he conveyed it to his wife. If, as the answer of Ritter and his wife indirectly states, the contract for building was made after the conveyance to the latter, he then admittedly made the contract for building the house, in his own name alone, after and notwithstanding the alleged conveyance to his wife. During all the time that the complainants' debt was being contracted, the title to the property was of record in Ritter, and though he claims that the title was then in his wife, the deeds of conveyance to her were then held by him, unrecorded. It appears also that, in a few days after those deeds were put on record, he mortgaged his household furniture to his brother, to secure, as he alleges, the payment of a loan of $800, payable in one year. This money he says he paid to the creditors of his firm, in the hope of saving the firm from failure, but he does not say to whom he paid it. The injunction should be retained until the hearing. The motion will, therefore, be denied with costs. The injunction, however, will, according to the consent of the parties, be modified so as to permit Ritter and wife to convey the property to the executors of Johanna Brown, deceased, in pursuance of the contract between them ; the consideration money, over and above the amount due on the mortgage on the premises, to be paid into this court, to abide the event of this suit.